UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ISAAC WILLIAMS, JR.                          CIVIL ACTION

v.                                           NO. 15-2119

REGISTERED AGENT SOLUTIONS, INC.             SECTION "F"
and BINDER & BINDER, THE NATIONAL
SOCIAL SECURITY DISABILITY
ADVOCATES, LLC

<u>ORDER AND REASONS</u>

Before the Court is the defendant's unopposed motion to
dismiss the complaint for failure to state a claim.[1]  For the
reasons that follow, the motion is GRANTED.  The case is DISMISSED
WITH PREJUDICE.

<u>Background</u>

The *pro se* plaintiff, Isaac Williams, Jr., filed this Social
Security lawsuit against Binder & Binder on June 15, 2015. Williams
initially named Registered Agent Solutions, Inc. as the defendant
in this suit, apparently without knowledge that the company is
merely a registered agent service. Williams' initial summons was
returned unexecuted because he served Registered Agent Solutions
without identifying which of its clients he intended to sue.
Williams then requested that a summons be reissued naming Binder &
Binder, the National Social Security Disability Advocates, LLC as

_____

[1] Under Local Rule 7.5 of the Eastern District of Louisiana,
memoranda in opposition to a contested motion must be filed eight
days prior to the submission date.  No memorandum in opposition
to the defendant's motion to dismiss, set for submission on
September 30, 2015, has been submitted.  The Court, finding that
the motion has merit, grants it as unopposed.

the defendant.

In Williams' handwritten complaint, he alleges that he began receiving supplemental security income payments in 1993 due to a mental disability. He claims that the amount of his monthly payments was reduced in 2012, and that "Respondent" violated the Americans with Disabilities Act by failing to reply to his requests for reconsideration. He also explains that he has unsuccessfully attempted to purchase a home, and that he and his wife are going through some financial hardship.

Williams fails to name any particular defendant in the complaint. However, he attaches over seventy pages of exhibits which primarily consist of correspondence between him and the Social Security Administration and his personal financial information. Nowhere in the complaint or in the exhibits is Binder & Binder mentioned. Williams amended his complaint to update his mailing address and to submit a certificate of financial fitness training earned by his wife. Still, Binder & Binder is not mentioned anywhere in the amended complaint.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d

1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing FED. R. CIV. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79. A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679. It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. However, regardless of whether the

plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations and citations omitted).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly,

550 U.S. at 557).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. <u>Causey v. Sewell Cadillac-Chevrolet, Inc.</u>, 394 F.3d 285, 288 (5th Cir. 2004) (citing <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000)).   Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.   <u>See</u> <u>United States ex rel. Willard v. Humana Health Plan of Tex. Inc.</u>, 336 F.3d 375, 379 (5th Cir. 2003).

## II.

The defendant contends that the plaintiff has failed to state a claim against it and has likely sued the wrong party. The Court agrees.

Binder & Binder is a company that advocates on a nationwide basis before the Social Security Administration on behalf of its clients seeking disability and SSI benefits. Williams does not allege in his complaint that Binder & Binder has ever represented him. Nor does Williams allege that he ever contacted Binder &

Binder in any way. Indeed, Binder & Binder is mentioned nowhere in the plaintiff's complaint or in any of his exhibits. Likewise, Binder & Binder submits that it has no records of Mr. Williams. It is the job of the Social Security Administration, not Binder & Binder, to award, decline, or reduce Social Security benefits.

Even applying the less-stringent standard to this *pro se* complaint, the Court cannot find any facts at all that state a claim against Binder & Binder.

Accordingly, IT IS ORDERED that the defendant's motion to dismiss under Rule 12(b)(6) is hereby GRANTED. The case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, September 30, 2015

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE